The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.



Dated: October 20 2021

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 21-31772 |
| | ) | |
| Michael J. Robie, and | ) | Chapter 13 |
| Dana L. Robie | ) | |
| | ) | |
| Debtors. | ) | Judge John. P. Gustafson |

### MEMORANDUM DECISION AND ORDER RE: DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

This cause comes before the court after an Expedited Hearing on Motion to Extend Automatic Stay filed by Debtors, Michael J. Robie and Dana L. Robie. In their Motion, Debtors seek to have the court impose the automatic stay *nunc pro tunc*, from the date of the filing of the case. The reason for this request is that, despite the filing of the Chapter 13 case, the foreclosure sale on the Debtors' residence went forward. At the time of the sale, the automatic stay was not in effect because it was a third case pending within one year. *See,* 11 U.S.C. §362(c)(4).

As Collier on Bankruptcy states:

> If a single or joint case is filed by or against an individual debtor under any chapter of title 11, and the debtor has had two or more single or joint prior cases that were pending within the preceding one-year period and were dismissed, the automatic stay provided under §362(a) shall not go into effect upon the filing of the later case. For this stay limitation to apply, at least two prior cases filed under any

chapter must have been pending and subsequently dismissed during the one-year period.

3 Collier on Bankruptcy, ¶362.06[4] at pp. 362-101 – 362-102 (16th Ed. 2013).

In the above captioned case, the Debtors' prior cases that were "pending and dismissed" were: 1) 20-32712, which was dismissed on January 5, 2021; and 2) 21-30318, filed on March 2, 2021 and dismissed on the Trustee's Motion granted July 28, 2021. Case 21-30318 was administratively closed on August 17, 2021. The above captioned case, 21-31772, was filed on October 13, 2021. The Expedited Hearing was held on October 19, 2021.

At the Hearing, counsel presented testimony of Debtor Dana L. Robie regarding why the present Chapter 13 case was filed in good faith. Based upon her testimony at the hearing, the court finds that the debtor rebutted the presumption of bad faith and the case was filed in good faith.

However, this court cannot impose the stay retroactively to the date the above caption case was filed, October 13, 2021. A retroactive imposition of the automatic stay is at odds with the plain language of subsection §362(c)(4), stating that a stay imposed under §362(c)(4)(B) "shall be effective on the date of the entry of the order allowing the stay to go into effect." This court cannot use its equitable powers to impose the stay retroactively, doing so would override the explicit mandate requiring that any stay imposed under §362(c)(4)(B) "shall" be effective on the date of the entry of the order. *See, In re Cook*, 614 B.R. 635, 643 (Bankr. N.D. Ga. 2020)(citing *Law v. Siegel*, 571 U.S. 415, 421, 134 S.Ct. 1188, 1194, 188 L.Ed.2d 146 (2014)).

Imposing the automatic stay retroactively and "undoing" the foreclosure would be more than a *nunc pro tunc* order - doing that which should have been done previously. *See, Roman Cath. Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, ___ U.S. ___, 140 S.Ct. 696, 701, 206 L.Ed.2d 1 (2020). It would be divesting otherwise vested rights from parties under applicable state law. *See, In re Nagel*, 245 B.R. 657, 662 (D. Ariz. 1999).

Lastly, it appears that granting the motion prospectively would not serve any valid reorganizational purpose. A debtor may not provide for the cure of a default with respect to a lien on debtor's principal residence if a foreclosure sale has already occurred. *See, In re Crawford*, 232 B.R. 92, 95 (Bankr. N.D. Ohio 1999). The right to cure is terminated "when the gavel comes down on the last bid at the foreclosure sale." *In re Best*, 2014 WL 3700698, at *4, 2014 Bankr. LEXIS 3145, at *8 (Bankr. N.D. Ohio July 24, 2014)(quoting *Cain v. Wells Fargo Bank, N.A.*, 423 F.3d 617, 620-21 (6th Cir. 2005)).

**THEREFORE**, for the reasons stated above,

2

**IT IS ORDERED** that Debtor Michael J. Robie and Dana L. Robie's Motion to Extend Automatic Stay, and hereby is, **DENIED.**